# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Bankruptcy Case No. 08-13141 (KJC)<br>Jointly Administered<br><br>Civil Action No. 09-863 (GMS) |

## ANSWERING BRIEF OF APPELLEES TRIBUNE COMPANY, ET AL. TO THE APPEAL OF KEVIN MILLEN OF THE BANKRUPTCY COURT'S OCTOBER 2, 2009 ORDER SUSTAINING DEBTORS' FOURTH OMNIBUS OBJECTIONS TO CLAIMS

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kenneth P. Kansa
Jillian K. Ludwig
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

*Co-Counsel for the Appellees/Debtors*

Dated: April 16, 2010

---

[1] The Debtors are: Tribune Company; 435 Production Company; 5800 Sunset Productions Inc.; Baltimore Newspaper Networks, Inc.; California Community News Corporation; Candle Holdings Corporation; Channel 20, Inc.; Channel 39, Inc.; Channel 40, Inc.; Chicago Avenue Construction Company; Chicago River Production Company; Chicago Tribune Company; Chicago Tribune Newspapers, Inc.; Chicago Tribune Press Service, Inc.; ChicagoLand Microwave Licensee, Inc.; Chicagoland Publishing Company; Chicagoland Television News, Inc.; Courant Specialty Products, Inc.; Direct Mail Associates, Inc.; Distribution Systems of America, Inc.; Eagle New Media Investments, LLC; Eagle Publishing Investments, LLC; forsalebyowner.com corp.; ForSaleByOwner.com Referral Services, LLC; Fortify Holdings Corporation; Forum Publishing Group, Inc.; Gold Coast Publications, Inc.; GreenCo, Inc.; Heart & Crown Advertising, Inc.; Homeowners Realty, Inc.; Homestead Publishing Co.; Hoy, LLC; Hoy Publications, LLC; InsertCo, Inc.; Internet Foreclosure Service, Inc.; JuliusAir Company, LLC; JuliusAir Company II, LLC; KIAH Inc.; KPLR, Inc.; KSWB Inc.; KTLA Inc.; KWGN Inc.; Los Angeles Times Communications LLC; Los Angeles Times International, Ltd.; Los Angeles Times Newspapers, Inc.; Magic T Music Publishing Company; NBBF, LLC; Neocomm, Inc.; New Mass. Media, Inc.; Newscom Services, Inc.; Newspaper Readers Agency, Inc.; North Michigan Production Company; North Orange Avenue Properties, Inc.; Oak Brook Productions, Inc.; Orlando Sentinel Communications Company; Patuxent Publishing Company; Publishers Forest Products Co. of Washington; Sentinel Communications News Ventures, Inc.; Shepard's Inc.; Signs of Distinction, Inc.; Southern Connecticut Newspapers, Inc.; Star Community Publishing Group, LLC; Stemweb, Inc.; Sun-Sentinel Company; The Baltimore Sun Company; The Daily Press, Inc.; The Hartford Courant Company; The Morning Call, Inc.; The Other Company LLC; Times Mirror Land and Timber Company; Times Mirror Payroll Processing Company, Inc.; Times Mirror Services Company, Inc.; TMLH 2, Inc.; TMLS I, Inc.; TMS Entertainment Guides, Inc.; Tower Distribution Company; Towering T Music Publishing Company; Tribune Broadcast Holdings, Inc.; Tribune Broadcasting Company; Tribune Broadcasting Holdco, LLC; Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc.; Tribune California Properties, Inc.; Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC; Tribune Direct Marketing, Inc.; Tribune Entertainment Company; Tribune Entertainment Production Company; Tribune Finance, LLC; Tribune Finance Service Center, Inc.; Tribune License, Inc.; Tribune Los Angeles, Inc.; Tribune Manhattan Newspaper Holdings, Inc.; Tribune Media Net, Inc.; Tribune Media Services, Inc.; Tribune Network Holdings Company; Tribune New York Newspaper Holdings, LLC; Tribune NM, Inc.; Tribune Publishing Company; Tribune Television Company; Tribune Television Holdings, Inc.; Tribune Television New Orleans, Inc.; Tribune Television Northwest, Inc.; ValuMail, Inc.; Virginia Community Shoppers, LLC; Virginia Gazette Companies, LLC; WATL, LLC; WCWN LLC; WDCW Broadcasting, Inc.; WGN Continental Broadcasting Company; WLVI Inc.; WPIX, Inc.; and WTXX Inc.

## TABLE OF CONTENTS

TABLE OF CITATIONS ..................................................................................................... ii

I.    STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS ........... 1

II.   SUMMARY OF THE ARGUMENT .......................................................................... 1

III.  COUNTERSTATEMENT OF FACTS ...................................................................... 3

      A.    Background of the Debtors and their Chapter 11 Cases ................................. 3

      B.    Background to the Debtors' Claims Process ................................................... 3

      C.    The Millen Claims .......................................................................................... 3

      D.    The Fourth Omnibus Objection ...................................................................... 4

      E.    The October 2 Order ....................................................................................... 5

IV.   ARGUMENT .............................................................................................................. 5

      A.    Appellant is Not an "Aggrieved" Party With Standing to Appeal the
            Bankruptcy Court's Order Because the Order Did Not Affect or
            Impair the Millen Claims ............................................................................... 5

      B.    No Further Relief Can be Granted Because the Merits of the Millen
            Claims Were Not Determined by the October 2 Order .................................. 7

V.    CONCLUSION ........................................................................................................... 9

## TABLE OF CITATIONS

**Cases**

Bender v. Williamsport Area Sch. Dist., 475 U.S. 534 (1986)..................................................... 6

Gen'l Motors Acceptance Corp. v Dykes (In re Dykes), 10 F.3d 184 (3d Cir. 1993).................... 6

In re Combustion Eng'g, Inc., 391 F.3d 190 (3d Cir. 2004)..................................................... 5, 6

In re First Cincinnati, Inc., 286 B.R. 49 (6th Cir. BAP 2006)....................................................... 6

In re O'Brien Envtl. Energy, Inc., 181 F.3d 527 (3d Cir. 1999) ................................................... 6

In re PWS Holding Corp., 228 F.3d 224 (3d Cir. 2000)................................................................ 6

Kane v. Johns-Manville Corp., 843 F.2d 636 (2d Cir. 1988) ........................................................ 6

Travelers Ins. Co. v. H.K. Porter Co., Inc., 45 F.3d 737 (3d Cir. 1995) ..................................... 6

**Statutes**

11 U.S.C. § 1123(a) ...................................................................................................................... 8

11 U.S.C. § 502(a) ........................................................................................................................ 7

**Rules**

Del. Bankr. L.R. 3007-1(d)............................................................................................................ 4

Tribune Company and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors" or the "Appellees") respectfully submit this answering brief in opposition to the appeal of Kevin Millen (the "Appellant").

## I.      STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS

On December 8, 2008 (the "Petition Date"), Tribune Company ("Tribune") and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").  An additional Debtor, Tribune CNLBC, LLC,[1] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009.  In all, the Debtors comprise 111 entities.

By this appeal, Appellant challenges the October 2, 2009 Order of the Honorable Kevin J. Carey (the "October 2 Order") sustaining the Debtors' Fourth Omnibus (Non-Substantive) Objection to Claims (the "Fourth Omnibus Objection").  A copy of the October 2 Order is attached to the Appendix to Appellees' Answering Brief as Exhibit A.[2]  A copy of the Fourth Omnibus Objection is attached to the Appendix to Appellees' Answering Brief as Exhibit B.

## II.     SUMMARY OF THE ARGUMENT

Appellant lacks standing to bring this appeal, because the order appealed from had no effect on Appellant.  Under Third Circuit precedent, a party must be "aggrieved" to have standing to appeal a bankruptcy court order.  Even being mindful of the pro se nature of this appeal and making reasonable inferences in Appellant's favor, the appeal lacks merit because

---

[1] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

[2] The Appellant attached only one of the three pages of the October 2 Order to his Notice of Appeal, and certain key portions of the Bankruptcy Court's order were illegible.

Appellant's claims were not affected, much less impaired, by the October 2 Order. The October 2 Order makes this clear on its face: "ORDERED that the Objection is sustained, except with respect to the objection to the claim of Kevin Millen, which [objection] was withdrawn by the Debtors without prejudice." See Exhibit A at 2. Moreover, Appellant concedes that the October 2 Order did not affect his claims: "The fact is that the court sustained the objection but did not rule on my claim." Appellant's Brief at 3-4. Consequently, Appellant is not a person "aggrieved" by the entry of the October 2 Order and does not have standing to appeal the October 2 Order to this Court.

Moreover, a reversal of the October 2 Order by this Court would not, and could not, bring Appellant the relief he ultimately seeks, which is a determination of the merits of the four proofs of claim that were filed by Appellant asserting damages for alleged defamation against the Debtors' estates (collectively, the "Millen Claims"). That issue was not before the Bankruptcy Court when it entered the October 2 Order and cannot be properly before this Court in this appeal. Appellant's Brief is premised entirely on Appellant's erroneous assumption that because the October 2 Order did not rule on the Millen Claims, he is entitled to immediate payment on account thereof. See Appellant's Statement of Issues Presented For Review ("If the lawyers withdrew the claim, doesn't that mean they accept the motion and should have contacted me to pay the claim?"). At this time, Appellant's rights with respect to the Millen Claims are fully preserved and his situation is no different from the Debtors' other creditors with outstanding proofs of claim. For the reasons set forth fully below, Appellant's Brief misapprehends the impact of the October 2 Order and the appeal must be dismissed.

## III.   COUNTERSTATEMENT OF FACTS

### A.   Background of the Debtors and their Chapter 11 Cases

Tribune Company ("Tribune") is America's largest employee-owned media company and is the ultimate parent company of each of the other Debtors.  The Debtors are the nation's third largest newspaper publisher in terms of revenue and circulation.  The Debtors' publishing segment currently operates eight (8) market-leading daily newspapers and related businesses, distributes entertainment and syndicated content, and manages a 24-hour cable news channel.  Daily newspapers published by the Debtors include the Los Angeles Times and the Chicago Tribune.  The Debtors' publishing segment also manages the websites of their daily newspapers, television stations, and other branded sites targeting specific communities of interest.  The Debtors' broadcasting and entertainment segment includes 23 television stations, Superstation WGN America, and WGN-AM Radio.  Through their television stations and WGN America, the Debtors' broadcasting and entertainment segment reaches more than 80% of television households in the United States.

### B.   Background to the Debtors' Claims Process

On March 26, 2009, the Bankruptcy Court entered an order establishing June 12, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "Bar Date") as the final date and time for all persons and entities holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim in the Debtors' chapter 11 cases and approving the form and manner of notice of the Bar Date.  To date, approximately 6,390 proofs of claim have been filed in the Debtors' chapter 11 cases.

### C.   The Millen Claims

Prior to the Bar Date, Appellant filed the Millen Claims, which have been recorded on the Debtors' official claims register as Claim Nos. 526, 688, 1105, and 1118.  The

Millen Claims are variously asserted against Tribune Company and/or The Hartford Courant Company, each in the amount of $250,000.00, plus 15% of The Hartford Courant Company's annual gross and a monthly income of $4,500. Each is based on a prepetition lawsuit commenced by Appellant pro se in the Connecticut Superior Court against The Hartford Courant Company alleging defamation and libel.

### D.     The Fourth Omnibus Objection

The subject matter of the Fourth Omnibus Objection was the Debtors' non-substantive[3] objection to certain proofs of claim that were filed by various creditors in the Debtors' chapter 11 cases, which were exact duplicates of other proofs of claim filed by the same creditors, in the same amount, for the same liability. One of the four Millen Claims, Claim No. 688, fit this criteria, and the Debtors initially requested the Bankruptcy Court to expunge Claim No. 688 in the Fourth Omnibus Objection. As explained by the Debtors in the Fourth Omnibus Objection, "claimants will suffer no prejudice because the Remaining Claims [filed by such claimants] will be unaffected by the relief sought in [the Fourth Omnibus] Objection, and the claimants' rights to assert these liabilities against the Debtors' estates will be preserved." See Exhibit B at 5. However, Appellant filed a lengthy opposition to the Fourth Omnibus Objection, which, like Appellant's Brief in this appeal, erroneously focused on the merits of the Millen Claims, which were not before the Bankruptcy Court. Rather than litigating what was meant to be a straightforward, ministerial objection, the Debtors decided to withdraw their objection without prejudice as it related to Appellant's Claim No. 688, so that the balance of the Fourth Omnibus Objection could be sustained by the Bankruptcy Court. A copy of the Notice of Withdrawal of Objection to Claim No. 688, Without Prejudice is attached to the Appendix to Appellee's Answering Brief as Exhibit C.

---

[3] In accordance with Del. Bankr. L.R. 3007-1(d), an objection to a duplicate claim is a non-substantive objection.

As described in the affidavit supporting the Notice of Withdrawal, Debtors' counsel telephoned Appellant prior to filing the Notice of Withdrawal, and believed in good faith that Appellant consented to the Notice of Withdrawal. See Exhibit C at 5. Further, Debtors' counsel communicated by telephone with Appellant several times following the filing of the Notice of Withdrawal and the entry of the October 2 Order sustaining the Fourth Omnibus Objection. In each instance, Debtors' counsel reiterated to Appellant that neither the Debtors nor the Bankruptcy Court had taken any action against his claims, that if and when the Debtors filed an objection to the Millen Claims, Appellant would receive notice and an opportunity to be heard by the Bankruptcy Court before any action was taken to impair those claims, and that no allowed claims would be paid by the Debtors until the Debtors' plan of reorganization was confirmed.

### E.    The October 2 Order

The October 2 Order was entered by the Bankruptcy Court upon the certification of counsel without the need for a hearing, pursuant to the local rules of the Bankruptcy Court. On its face, the October 2 Order states that the Debtors' Fourth Omnibus Objection was sustained, "except with respect to the claim of Kevin Millen, which [objection] was withdrawn by the Debtors without prejudice." See Exhibit A, October 2 Order at 2. Similarly, Exhibit A to the October 2 Order, which includes the list of approximately sixty (60) "duplicate" proofs of claim that were expunged thereby, does not purport to expunge any claims filed by Appellant. Notwithstanding the foregoing, Appellant has filed the instant appeal.

## IV.    ARGUMENT

### A.    Appellant is Not an "Aggrieved" Party With Standing to Appeal the Bankruptcy Court's Order Because the Order Did Not Affect or Impair the Millen Claims

As a threshold matter, this Court must determine whether Appellant has standing to appeal the October 2 Order. See In re Combustion Eng'g, Inc., 391 F.3d 190 (3d Cir. 2004)

(citing <u>Bender v. Williamsport Area Sch. Dist.</u>, 475 U.S. 534, 546 n.8 (1986) ("The rules of

standing, whether as aspects of the Article III case-or-controversy requirement or as reflections

of prudential considerations defining and limiting the role of the courts, are threshold

determinants of the propriety of judicial intervention.")).  It is well-established in the Third

Circuit that a party must be a "person aggrieved" by the decision of the bankruptcy court to have

standing to appeal.  <u>See</u> <u>Combustion Eng'g</u>, 391 F.3d at 214; <u>Travelers Ins. Co. v. H.K. Porter

Co., Inc.</u>, 45 F.3d 737, 741 (3d Cir. 1995).  A person is aggrieved "only if the bankruptcy court's

order 'diminishes their property, increases their burdens, or impairs their rights.'"  <u>In re PWS

Holding Corp.</u>, 228 F.3d 224, 249 (3d Cir. 2000) (quoting <u>Gen'l Motors Acceptance Corp. v

Dykes (In re Dykes)</u>, 10 F.3d 184, 187 (3d Cir. 1993)); <u>see</u> <u>also</u> <u>In re First Cincinnati, Inc.</u>, 286

B.R. 49, 51 (6th Cir. BAP 2006) (same).  "Thus, only those 'whose rights or interests are directly

and adversely affected pecuniarily' by an order of the bankruptcy court may bring an appeal."

<u>Id.</u> (quoting <u>In re Dykes</u>, 10 F.3d at 187).

　　　　The standing requirement in bankruptcy appeals is more restrictive than the "case

or controversy" standing requirement of Article III, which "need not be financial and need only

be 'fairly traceable' to the alleged illegal action."  <u>Travelers</u>, 45 F.3d at 741 (citing <u>Kane v. Johns-

Manville Corp.</u>, 843 F.2d 636, 642 n.2 (2d Cir. 1988)).  The "person aggrieved" standard exists

to insure that bankruptcy proceedings are not unreasonably delayed.  <u>Combustion Eng'g</u>, 391

F.3d at 215.  As such, courts have denied standing "to marginal parties involved in bankruptcy

proceedings who, even though they may be exposed to some potential harm incident to the

bankruptcy court's order, are not "directly affected" by that order."  <u>Travelers</u>, 45 F.3d at 741.

Whether a party has standing to appeal a bankruptcy court's order is generally a question of fact

for the District Court.  <u>See</u> <u>In re O'Brien Envtl. Energy, Inc.</u>, 181 F.3d 527, 530 (3d Cir. 1999).

6

Here, the Bankruptcy Court's October 2 Order sustaining the Fourth Omnibus Objection makes explicit that Appellant's Claim No. 688 is unaffected by that Order, and hence Appellant has no standing to bring this appeal. In relevant part, the Order states that "ORDERED that the Objection is sustained, except with respect to the objection to the claim of Kevin Millen, which [objection] was withdrawn by the Debtors without prejudice." See Exhibit A at 2. Appellant's claims are accordingly unaffected by the order appealed from and the appeal should therefore be dismissed for lack of standing.

Appellees note that notwithstanding dismissal of this appeal, Appellant's rights with respect to the Millen Claims are preserved by operation of the Bankruptcy Code, which provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest… objects." 11 U.S.C. § 502(a). In this case, the Debtors' objection to one of the Millen Claims, Claim No. 688 was withdrawn without prejudice, and no further objections to any of the Millen Claims have yet been filed. Thus, each of the Millen Claims is "deemed allowed" unless and until an objection is sustained by the Bankruptcy Court. The Debtors intend to file a single objection to all of the Millen Claims at a later date on all applicable grounds, but that does not alter the fact that the Fourth Claims Objection did not affect Appellant's claims.

Given that Appellant's rights or interests were not, and could not, have been 'directly and adversely affected pecuniarily' by the October 2 Order as required by Third Circuit precedent, Appellant lacks standing to appeal the Order and the appeal should be denied.

**B.**   **No Further Relief Can be Granted Because the Merits of the Millen Claims Were Not Determined by the October 2 Order.**

Even if Appellant had standing to appeal the October 2 Order, which he does not, Appellant's Brief proceeds under the mistaken belief that the merits of the Millen Claims are

properly at issue. See Appellant's Brief at 6 ("This court has allowed this case to proceed in the appeals court. Their [sic] was no summary judgment of the case so this is grounds to award me (Kevin Millen) the victory that is needed to enhance my superlative life your honor."). However, as described above, the Fourth Omnibus Objection and the October 2 Order concerned only a procedural non-substantive objection to certain proofs of claim that were deemed to be "exact duplicates" of other proofs of claim. The Bankruptcy Court was never asked to make findings of fact or conclusions of law with respect to the relative merits of the Millen Claims or any of the other approximately sixty proofs of claim that were expunged by the October 2 Order. Rather, the Fourth Omnibus Objection and the October 2 Order are limited to the factual determination that the claims identified on the exhibit thereto were "exact duplicate" claims, sufficient to support their expungement pursuant to section 502(b) and the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and applicable local rules of the Bankruptcy Court. The merits of the Millen Claims were not before the Bankruptcy Court and are not before this Court on appeal.[4]

Contrary to Appellant's assertion that "the court is trying to overlook [his] case", Appellant's Brief at 8, Appellant's situation is no different from the thousands of similarly-situated creditors with proofs of claims asserted against the Debtors in their chapter 11 cases. As this Court is aware, allowed claims in chapter 11 bankruptcy cases are typically paid pursuant to a confirmed plan of reorganization. See, e.g., 11 U.S.C. § 1123(a) (providing that the plan shall specify the treatment of claims and interests). The Debtors filed a proposed plan and disclosure statement on April 12, 2010, which has not yet been confirmed by the Bankruptcy Court.

---

[4] Appellant's Brief contains discussion and citations to various other sections of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure, including section 362 (concerning the "automatic stay"), section 363 (concerning the use, sale, or lease of assets), section 303 (concerning involuntary petitions), and Federal Rule of Bankruptcy Procedure 7056 (concerning summary judgment standards for adversary proceedings). Each of these provisions is irrelevant to the October 2 Order and the Appellant's reliance on such provisions is misplaced.

Moreover, the Debtors retain all rights to continue to object to claims, including the Millen

Claims, on the substantive or procedural grounds provided for in the Bankruptcy Code.  As the

Debtors made clear to Appellant in the Notice of Withdrawal, the Debtors intend to resolve all

four Millen Claims by way of a single objection, of which Appellant would receive notice and an

opportunity to present his case to the Bankruptcy Court.  See Exhibit C at 5.

## V.      CONCLUSION

Appellant has provided no basis for overturning the October 2 Order.  Indeed,

reversing that Order would not, and could not, have any impact on the pecuniary rights and

interests of Appellant, for the simple reason that the October 2 Order did not affect the Millen

Claims.  For these cumulative reasons, the Debtors respectfully request that the appeal be denied.

Dated: Wilmington, Delaware
      April 16, 2010

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kenneth P. Kansa
Jillian K. Ludwig
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR APPELLEES/DEBTORS