IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | Chapter 11 |
| ) | |
| TRIBUNE COMPANY, et al. ) | Bankruptcy Case No. 08-13141-KJC |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |
| ) | |
| KEVIN MILLEN, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | C.A. No. 09-863-GMS |
| ) | |
| TRIBUNE COMPANY, et al. ) | |
| ) | |
| Appellees. ) | |

## MEMORANDUM

### I.  INTRODUCTION

Presently before the court is Kevin Millen's appeal from the Bankruptcy Court's Order Sustaining Debtors' Fourth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (the "October 2 Order"). (D.I. 1). For the reasons that follow, the court will dismiss the appeal.

### II.  BACKGROUND

On December 8, 2008, the Tribune Company and related entities ("Debtors") filed for chapter 11 bankruptcy in the U.S. Bankruptcy Court for the District of Delaware. On July 23, 2012, the Bankruptcy Court confirmed the Debtors' Fourth Amended Joint Plan of Reorganization. (C.A. 08-13141-KJC, D.I. 12074). Millen has filed four proofs of claim, all of which relate to a

prepetition lawsuit he filed in the Connecticut Superior Court against the Hartford Courant Company, one of the Debtors' affiliates. In that suit, Millen alleges that the Hartford Courant Company is liable to him for publishing defamatory and libelous statements (the "Defamation Lawsuit"). (D.I. 8, at 1; D.I. 9, at 4).

On September 4, 2009, the Debtors filed their Fourth Omnibus Objection (Non-Substantive) to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, requesting that the Bankruptcy Court disallow several duplicative claims filed against the Debtors' bankruptcy estate (the "Omnibus Objection"). (D.I. 9, Ex. B, at 4). The Omnibus Objection sought to disallow one of Millen's Claims ("Claim No. 688"). *Id.* In response, Millen objected to the Debtors' Omnibus Objection, arguing that Claim No. 688 should not be disallowed. (C.A. 08-13141-KJC, D.I. 2118). After speaking with Millen, Debtors' counsel agreed to withdraw Claim No. 688 from the Omnibus Objection, and would instead file one consolidated objection to all Millen's claims at a later date. (C.A. 08-13141-KJC, D.I. 2263, at Ex. A). The Bankruptcy Court entered the October 2 Order disallowing the duplicative claims listed in the Omnibus Objection, except for Millen's Claim No. 688. (C.A. 08-13141-KJC, D.I. 2271, at 2) ("it is hereby ORDERED that the Objection is sustained, except with respect to the objection of the claim of Kevin Millen, which was withdrawn by the Debtors without prejudice [Docket No. 2263] . . . .").

### III. THE PARTIES' CONTENTIONS

Millen's appellate brief does not raise any cognizable error from the October 2 Order. (D.I. 8). Instead, his brief exclusively addresses the merits of his alleged Defamation Lawsuit. *Id.*[1] The

---

[1] It seems apparent from Millen's brief that his appeal arises from the mistaken belief that the October 2 Order disallowed his claim.

2

Debtors request that this court dismiss the appeal, on the basis that Millen does not have the necessary standing to challenge the October 2 Order because it did not adversely affect his pecuniary rights.

IV. **LEGAL STANDARD**

The court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(a)(1). In reviewing a case on appeal, the bankruptcy court's factual determinations will not be set aside unless they are clearly erroneous. *See Mellon Bank, N.A. v. Metro Comm., Inc.*, 945 F.2d 635, 641 (3d Cir. 1991). Conversely, a bankruptcy court's conclusions of law are subject to plenary review. *Id.*

V. **DISCUSSION**

The court agrees with the Debtors that this appeal must be dismissed for lack of standing. The Third Circuit has explained that "only those who have been directly and adversely affected pecuniarily by an order of a bankruptcy court may bring an appeal." *Travelers Ins. Co. v. H.K. Porter Co.*, 45 F.3d 737, 741 (3d Cir. 1995). "Standing to appeal in a bankruptcy case is limited to 'persons aggrieved' by an order of the bankruptcy court." *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 214 (3d Cir. 2004), as amended (Feb. 23, 2005) (citing *Gen. Motors Acceptance Corp. v. Dykes (In re Dykes)*, 10 F.3d 184, 187 (3rd Cir. 1993)). This threshold standard originated from the Bankruptcy Act of 1898. *Travelers Ins. Co*, 45 F.3d at 741. Although the 1978 amendments to the Bankruptcy Code did not retain the "persons aggrieved" language, courts continue to apply this standard as a "prudential requirement" for standing. *Id.* "Litigants are 'persons aggrieved' if the order diminishes their property, increases their burdens, or impairs their rights." *In re Dykes*, 10 F.3d 184, 187 (3d Cir. 1993) (citing *In re Fondiller*, 707 F.2d 441, 442 (9th Cir. 1983)).

The October 2 Order does not affect Millen's pecuniary interests. The Bankruptcy Court granted Debtor's request to withdraw the objection to Millen's Claim No. 688 and thus excluded that claim from the October 2 Order. (C.A. 08-13141-KJC, D.I. 2271, at 2) ("the Objection is sustained, except with respect to the objection to the claim of Kevin Millen . . . ."). The October 2 Order neither affected Millen's claims against the Debtors' bankruptcy estate nor the merits of his underlying Defamation Lawsuit. The Court finds that the October 2 Order did not diminish Millen's property, did not increase his burden, or impair his rights. Therefore, Millen does not have standing to appeal from the Bankruptcy Court's October 2 Order and this appeal must be dismissed. *See Travelers Ins. Co.*, 45 F.3d at 741.

## VI. CONCLUSION

For the foregoing reasons, the court will DISMISS the present appeal.

Dated: November 10, 2014

UNITED STATES DISTRICT JUDGE